Jacob J. FINK, et al.

v.

Ronald DeCLASSIS, et al.

No. 90 C 401.

United States District Court,
N.D. Illinois, E.D.

Oct. 18, 1990.

---

Michael J. Rovell, Lisa I. Fair, Law Offices of Michael J. Rovell; and Sperling, Slater & Spitz, Chicago, Ill., for Fink and Peterson Corp.

Bradley C. Pinta and Michael J. Griffin, Sullivan, Sullivan & Pinta, Boston, Mass., for L.T. Corp. and Ronald DeClassis.

## ORDER

BUA, District Judge.

This case involves allegations of breach in asset purchase and consulting agreements. Defendants DeClassis and L.T. Corporation, Inc. have moved to interpose their counterclaim as a complaint. Plaintiffs Fink and the Peterson Corporation have moved for reconsideration of denial of leave to file an amended complaint. Defendants' motion to interpose their counterclaim is denied. Plaintiffs are given leave to file an amended complaint.

### Motion to Interpose

■ In this motion, defendants are essentially arguing that the parties should be realigned. Their arguments are unpersuasive. Defendants fail to cite convincing precedent or facts to support their "first file" rule. The cases discussed in their motion have only a tangential connection to the facts in the instant case. Defendants consider cases where two suits have been consolidated or where the party asking for realignment has the *only* burden of proof. This case involves one action—the suit filed by plaintiffs. Plaintiffs, not defendants, bear the burden of proving the claims which comprise the substance of the instant action. While defendants must prove their counterclaim, in no way do defendants bear the "more substantial burden of proof."

Realignment will only result in greater confusion for the jury. The mere existence of claims and counterclaims with their shifting burdens of proof creates complications. Realignment of the parties, resulting in a change in the presentation of claims and proof, will cause even more difficulties.

■ The decision to realign parties lies within the sound discretion of the trial court. *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir.1981), *cert. denied*, 458 U.S. 1107, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982); *Commercial Iron & Metal Co. v. Bache Halsey Stuart, Inc.*, 581 F.2d 246, 250 (10th Cir.1978) *cert. denied*, 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979). Defendants' motion to interpose their counterclaim is denied.

### Motion to Reconsider

■ Plaintiffs' motion for leave to file an amended complaint was denied on August 3, 1990 because granting the motion would have delayed trial of the action. In addition, defendants may have been prejudiced if the complaint were to be amended a short time before trial. These concerns are now moot. The trial of this action has been delayed to March 1991. Since defendants will have sufficient time to handle any possible amendments, they will not be prejudiced by an amended complaint. Further, discovery on the proposed amendments has already begun as the amendments involve circumstances already at issue in the case.

Defendants' arguments against plaintiffs' motion to reconsider are more suited to a motion to dismiss. Plaintiffs have provided sufficient information to show that facts may exist in support of their

claim. Plaintiffs, therefore, are given leave to amend.